**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**KELVIN WIGGINS,**

**Plaintiff,**

**vs.** **4:04CV16-MMP/AK**

**Dr. WILLIAM PRIMAS,**

**Defendant .**

**_____________________________/**

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause pursuant to 42 U.S.C. §1983, and is proceeding pro se and in forma pauperis. He alleges that while he was incarcerated at the Leon County Jail he was injured and subsequently denied medical care by Defendant Dr. William Primas.[1] (Doc.8). Defendant has moved to dismiss his complaint for failure to exhaust administrative remedies (doc. 24), which included evidentiary material and was

[1] Plaintiff also named Paul Burg as a defendant, but service upon him was returned unexecuted because there was no one by that name employed at the Leon County Jail. (Doc. 12).

therefore construed as a motion for summary judgment. (Doc. 27). Plaintiff was advised of his obligation to respond and filed two responses. (Docs. 25 and 26).

## I. Allegations of the complaint (Doc. 1)

Plaintiff claims that on July 13, 2003, he slipped on a bar of soap and fell 17 flights of stairs. He claims that although he was taken to medical, Defendant Primas and Paul Burg refused to give him x-rays. He remained in medical for three days, then was returned three days later where he stayed until July 24, 2003, but never got x-rays. Plaintiff claims that when he was transferred to Lake Butler CI he was told that he had slipped discs in his back, which causes him continued pain and causes him to walk with a limp.

Plaintiff's response to the question about grievances was that the jail did not have a grievance procedure, and then he stated that he filed 3 medical requests, but never got them back. (Doc. 8, p. 4).

## II. Standard of Review

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case." Nolen v. Boca Raton Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cr. 2004), *citing* Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986). All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts. Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299

(11th Cir. 2002). The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial. Celotex, 477 U.S. at 322-23. Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient. There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof. Anderson v. Liberty Lobby, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). “For factual issues to be considered genuine, they must have a real basis in the record.” Mize v. Jefferson City Board of Education, 93 F.3d 739, 742 (11th Cir. 1996).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, Celotex, supra at 323, the facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true for purposes of summary judgment. Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

**III. Defendant's Rule 56(e) evidence**

Defendant has provided a copy of the Leon County Jail Handbook, which clearly sets forth a grievance procedure. (Doc. 24, Exhibit A). The handbook states that the Note from Prisoner form may be used to file an informal grievance, which should be given to the pod officer who will deliver it to the staff member to respond. This same form may be used to file a formal grievance, which will be given to the jail director. Tish Wright, Health Services Administrator, with the Leon County Jail, submitted her affidavit wherein she attests that she reviewed Plaintiff's file and found three medical grievances, but none involving a fall or a denial of medical care. (Doc. 24, Exhibit B). The grievances she found were dated August 1, 2004, November 19, 2004, and November 22, 2004, and concerned requests for stronger pain medication for his back. Each issue was addressed immediately and new medication prescribed. (Doc. 24, Exhibit B-1).

**IV. Plaintiff's Rule 56(e) evidence**

Plaintiff has provided copies of a grievance to Jail Administrator Carl Bennett dated May 24, 2004, (doc. 26) which states:

> I am writing to you about the grievance I filled out on July 14, (year indecipherable) on the medical department and the jail. July 13 I slipped and fell down the stairs on a bar of soap, and hurt my lower back. Medical told me that I would get an x-ray the next day, but they did not give me one I stayed in medical for ten days and they still didn't give me an x-ray. Now my back is damaged for the rest of my life. My number 5 disc is sitting on my number 6 disc. I've been asking for my accident report that Officer Underwood and Sergant [sic] McCary made out on July 13, 2002, so now I'm asking you Major Bennett to assist me in obtaining my accident report.

The response is made by D. Davis, RN, and states:

> You were placed in the hosp. infirmary 7/24-7/31 for this injury. Lumbar spine x-ray was ordered. You were given Flexeril and Motrin. Medical does not have the accident report.

An Inmate Medical Request form (doc. 25, exhibit A) dated June 4, 2004, states:

> I would [sic] you to continue to give me medication for my back and I would like to no [sic] what is gone [sic] on with my grievance I filed on 5-7-7074 and 5-10-04.

The response is: "referred to s/c nurse."

A grievance to Major Carl Bennett dated June 7, 2004, (doc. 26) states:

> I am and [sic] pain I fell down the stair and [sic] this jail July 13, 2003 I am back [indecipherable] they have my medication down and [sic] my property can you get me some help need something for pain and I all so.

The response from an unidentified person was:

> Please use PHS medical forms in Pod for medical issues/requests/complaints.

An Inmate Medical Request form (doc. 25, exhibit A) dated June 7, 2004, states:

> I need something for my back the medication that you had me on is not helping me with my pain I have not had no med for 3 day I need something for my low back.

The response is: "referred to sick call."

An Inmate Medical Request form (doc. 25, exhibit A) dated June 17, 2004, states:

> I am still having pain and my low back I need something stronger and so I would like to no what is going on with my grievance and I would like to know what date did you x-ray me when I felled down the stair.

The response was: "referred to NSC."

A grievance dated June 22, 2004, (doc. 25, exhibit A), states:

> Only July 13, 2003, I fell down the steps in K-pod. I was placed in the infirmary for a few days w/a severe back injury. At that time I repeatedly

> requested more medical attention and to be xrayed. I didn't receive neither so I filed numerous grievances. I received no relief or response to any. I now need a copy of those grievances. They would have been filed from 7-13-03 -7-24-03. It's important I get those copies for my records. Most of those grievances I filed was specifically to be x-rayed. On May 24, 2004, I filed a grievance trying to a get a copy of the incident report from 7-13-04. Nurse D. Davis RN responded. In her response she stated an x-ray was ordered for me. If she is implying I was x-rayed I'd like to know what date her records show I was supposedly x-rayed. I am also grieving to have my current dosage of Motrin increased. After numerous requests, your dept. still won't increase it. The current dosage is not relieving the pain.

The form shows it was received on June 23, 2004, by D. Stafford, RMA, but there is no further response.

**II. Analysis**

Since passage of the PLRA, 42 U.S.C. § 1997e(a) now provides: "*No action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (Emphasis added.) The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998). There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Higginbottom v. Carter, 223 F.3d 1259, 1260-61 (11th Cir. 2000) (holding that an

excessive force claim is subject to the exhaustion requirement); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons). Furthermore, this Court may not consider the adequacy or futility of administrative remedies, but only the availability of such. Higginbottom, 223 F.3d at 1261, *citing* Alexander, 159 F.3d at 1323. Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively. Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). An inmate must not only commence the grievance process, he must perfect his appeal to the highest administrative level in the process. Alexander, 159 F.3d at 1323.

Although Plaintiff has provided the Court with a number of grievances and medical request forms, all of them were filed after the complaint was filed and nearly one year after Plaintiff allegedly fell down the stairs and was denied treatment. It is curious that most of these papers were not submitted with the Defendant's motion as part of Plaintiff's file. Defendant's motion was filed in February 2005, and these papers should have been included in the file that Trish Wright reviewed and discussed in her affidavit. Nonetheless, Plaintiff has offered nothing that convinces this Court that he did in fact file other more timely grievances that addressed the issues raised in the complaint. He states in the complaint that the Leon County Jail had no such procedure, and then states he

filed three medical requests which were ignored. (See Doc. 8, p. 4). Plaintiff does not explain this discrepancy nor does he provide more detail about these requests such as when he filed them, who he gave them to, or what they said. Such specificity would add some credibility to his allegation. Nor does Plaintiff explain how the Defendant obtained his signed receipt showing he had received the handbook that advises inmates of the procedure for lodging complaints with the jail, but he was unaware of it. (Doc. 24, Exhibit C). The law set forth both establishes that exhaustion is mandatory, cannot be waived, and the only question before the Court is whether it was available to the inmate. Defendant's materials show that the procedure was in fact available.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion for summary judgment (doc. 24) be **GRANTED**, and Plaintiff's amended complaint (doc.8) be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e).

**IN CHAMBERS** at Gainesville, Florida, this **12th** day of July, 2005.

**s/ A. KORNBLUM**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after**

**being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**